IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER OLIVER,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-4656** |
| | : | |
| **AYANNA LOCKWOOD,** | : | |
| Defendant. | : | |

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**                                              **FEBRUARY 12, 2024**

Plaintiff Christopher Oliver, an inmate currently incarcerated at the Berks County Jail, initiated this civil action by filing a *pro se* Complaint naming Ayanna Lockwood as Defendant. He seeks leave to proceed *in forma pauperis*.[1] For the following reasons, the Court will grant Oliver leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS**

Oliver utilized a preprinted form Complaint, alleging claims against Lockwood that are based solely on state domestic relations tort law. (*See* Compl. at 1-6.)[2] Oliver represents that he

---

[1] Because Oliver commenced this civil action without either paying the required fees or submitting an application to proceed *in forma pauperis*, he was ordered to do so. (*See* ECF No. 3.) Oliver subsequently submitted a Verified Statement (*see* ECF No. 4), but this filing did not contain the information required by 28 U.S.C. § 1915(a). By Order dated January 29, 2024, Oliver again was directed to either pay the required fees or file a complete motion to proceed *in forma pauperis*, including the trust fund account statement required by 28 U.S.C. § 1915(a)(2). (ECF No. 5.) On February 5, 2024, Oliver submitted an application to proceed *in forma pauperis* and represented that he is unable to obtain the six-month statement from the prison. (*See* ECF No. 6.) The Court will consider this to be substantial compliance with the requirements of the Prison Litigation Reform Act and the January 29 Order, and will grant Oliver leave to proceed *in forma pauperis*. However, because he is a prisoner, Oliver is required to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b)(1).

[2] The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

and Lockwood are citizens of Pennsylvania, who share a child.  (*Id.* at 1.)  The various claims are alleged to be based on a domestic incident that occurred on June 16, 2023.  (*Id.*)  He presents claims of assault and battery, intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, false imprisonment, intentional/negligent transmission of a sexually transmitted disease, and fraud/deceit.  (*Id.* at 1-6.)  Oliver also includes a claim based on a Pennsylvania criminal statute, 18 Pa. Cons. Stat. § 1705 (recklessly endangering another person).  (*See id.* at 4.)

## II.   STANDARD OF REVIEW

Because Oliver appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in

federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III. DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For this reason, "most cases belong in state court." *Degennaro v. Grabelle*, No. 21-1536, 2021 WL 5445809, at *1 (3d Cir. Nov. 22, 2021). A plaintiff bringing a lawsuit in federal court has an obligation to show the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). If a court determines at any time that federal jurisdiction is lacking, the court must dismiss the case. Fed. R. Civ. P. 12(h)(3). Cases that can be heard in federal court include cases based on federal law ("federal question jurisdiction"), *see* 28 U.S.C. § 1331, and cases in which the plaintiffs and defendants are citizens of different states and the amount in controversy is at least $75,000 ("diversity jurisdiction"), *see* 28 U.S.C. § 1332(a).

Even liberally construing the allegations of the Complaint, the Court can discern no plausible basis for a claim based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. The only potential claims that the Court can discern are tort claims under Pennsylvania law. However, there is no basis for the Court's independent jurisdiction over those claims because § 1332(a) only grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state

as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). Diversity is determined at the time the complaint is filed. *Frett-Smith v. Vanterpool*, 511 F.3d 396, 399 n.4 (3d Cir. 2008). As stated, it is the plaintiff's burden to establish federal jurisdiction. *See Lincoln Ben. Life Co.*, 800 F.3d at 105; *see also Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Here, diversity jurisdiction is lacking based on the face of the Complaint. In the portion of the preprinted form Complaint that asks the plaintiff to list the citizenship of the defendants, Oliver represents that both he and Defendant Lockwood are citizens of Pennsylvania. (*See* Compl. at 1.) Accordingly, Oliver has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over the state law claims he seeks to pursue. *See Williams v. Francois*, No. 22-3339, 2023 WL 2203570, at *2 (3d Cir. Feb. 24, 2023) (*per curiam*) (affirming *sua sponte* dismissal of state law claims for lack of subject matter jurisdiction where plaintiff failed to adequately allege the citizenship of any party to the action).

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Oliver leave to proceed *in forma pauperis* and dismiss his Complaint.  Under the circumstances of this case, Oliver will not be given leave to amend because it appears that amendment of the jurisdictional allegations would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  Because the Court lacks subject matter jurisdiction, Oliver's claims will be dismissed without prejudice so that Oliver may reassert them in an appropriate state court if he chooses to do so.[3]  An appropriate Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**

---

[3] The Court expresses no opinion on the merits of any such claims.